IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN P. SCHLEGEL,

                          Plaintiff,                    Case No. 3:06 CV 1770

-vs-

                                                        <u>MEMORANDUM OPINION</u>

LI CHEN SONG,                                             <u>AND   ORDER</u>

                          Defendant.

KATZ, J.

This matter is before the Court on the motion of Li Chen Song and Top One Trucking Co., Inc. ("Defendants") to join the Ohio Bureau of Workers' Compensation ("BWC") as a plaintiff to this lawsuit pursuant to Fed. R. Civ. P. 19(a). (Doc. 28.) Because Defendants' motion is predicated on the inability to present certain evidence at trial, and the collateral source statute limiting such evidence is inapplicable to this case, Defendants' motion to compel joinder of BWC is denied.

**I. Background**

Defendants seek joinder of BWC as a plaintiff in this personal injury lawsuit resulting from Plaintiff Brian Schlegel's collision with a commercial motor vehicle in Defiance County, Ohio. Mot. Compel Joinder of BWC, Doc. 28 at 2; Compl., Doc. 1 at 1. Plaintiff submitted medical bills totaling $24,348.29 to BWC. Defs.' Supplemental Br. in Supp. Mot. Joinder, Doc. 32 at 2. The agency paid $7,074.84 of those bills to Plaintiff's medical providers, who were required to accept the amount as full payment. *Id.* BWC claims subrogation rights against

Defendants under OHIO REV. CODE ANN. § 4123.93 (2007) and OHIO REV. CODE ANN. § 4123.931 (2007). Mot. Compel Joinder at 1-2.

Defendants admit joinder of BWC is "not necessary if the jury is permitted to decide what [medical expenses] are reasonable under the circumstances." Defs.' Supplemental Br., at 3-4. Assuming certain evidence is inadmissible, Defendants claim BWC is a necessary party pursuant to Fed. R. Civ. P. 19(a) because without the agency's joinder, (1) complete relief cannot be afforded among those already parties, and (2) BWC claims an interest which exposes Defendants to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Mot. Compel Joinder at 2. Plaintiff contends joinder of BWC is not feasible because it would destroy diversity of citizenship pursuant to 28 U.S.C. § 1332, and this Court would consequently lack supplemental jurisdiction over BWC's claim under 28 U.S.C. § 1367. Defs.' Memo. Opp., Doc. 29 at 1. Additionally, Plaintiff asserts BWC is not an indispensable party pursuant to Fed. R. Civ. P. 19(b). *Id.* at 3.

**II. Discussion**

      **A. Admissibility of Medical Expenses and Insurance Payments**

In Ohio, a "defendant is liable for the reasonable value of plaintiff's medical treatment." *Robinson v. Bates*, 112 Ohio St. 3d 17, 23 (2006). Ohio Rev. Code § 2317.421 provides for the use of medical bills as prima facie evidence of the reasonableness of medical expenses. However, because the modern insurance billing system often makes it difficult to ascertain a reasonable value for these services, the court in *Robinson* held that reasonable value "is not necessarily the amount of the original bill or the amount paid." *Id.* Therefore, the jury must determine what is reasonable based on "all relevant evidence." *Id.*

Whether evidence of the amount actually accepted by providers as full payment is admissible is a question of the applicability of the collateral source rule. The collateral source rule is an exception to the general tort rule that damages should constitute "that which will compensate and make the plaintiff whole." *Pryor v. Webber*, 23 Ohio St. 2d 104, 107-108 (1970). "Under the collateral source rule, the plaintiff's receipt of benefits from sources other than the wrongdoer is deemed irrelevant and immaterial on the issue of damages." *Robinson*, 112 Ohio St.3d at 7 (citing *Pryor v. Webber*, 23 Ohio St. 2d 109 (1970)). Thus, this rule prevents the defendant wrongdoer from receiving the benefit of any payments made to or on behalf of the plaintiff by a collateral source to the defendant. *Pryor,* 23 Ohio St. 2d at 108.

In 2005, the Ohio legislature set limits on the collateral source rule with the passage of Ohio Rev. Code § 2315.20, "Introduction of evidence of collateral benefits in tort actions." This law provides in pertinent part:

> (A) In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from an injury, death, or loss to person or property that is the subject of the claim upon which the action is based, except if the source of collateral benefits has a mandatory self-effectuating federal right of subrogation, a contractual right of subrogation, or a statutory right of subrogation or if the source pays the plaintiff a benefit that is in the form of a life insurance payment or a disability payment...

BWC provided benefits to Plaintiff in the form of $7,074.84 in medical expenses paid to medical providers on Plaintiff's behalf. Defs.' Supplemental Br. at 2. Under the statute, this evidence is excluded because BWC has a statutory right of subrogation against Defendants pursuant to § 4123.93 and §4123.931. § 2315.20; Defs.' Mot. Compel Joinder at 2.

However, evidence of the amount the providers were forced to write off, $17,273.45, Defs.' Supplemental Br. at 2, is admissible because the collateral source rule as set forth in § 2315.20 is inapplicable. Because of the statute's recent passage, no opinions directly interpreting § 2315.20 have been handed down. Nevertheless, this Court can rely on the Ohio Supreme Court's decision in *Robinson*. That interpretation of the definition of "benefits paid" as it applies to the collateral source rule (prior to the effective date of § 2315.20) strongly resembles the issue before this Court in determining the application of the statute to the instant case.

In *Robinson*, the court held "the collateral source rule does not apply to write-offs of expenses never paid." 112 Ohio St. 3d at 22. "Because no one pays the write-off, it cannot possibly constitute *payment* of any benefit from a collateral source." *Id.* at 23 (citing *Moorhead v. Crozer Chester Med. Ctr.*, 564 Pa. 156 (2001)). Similarly, § 2315.20 only excludes the admission of evidence of amounts *payable* as benefits to plaintiffs from collateral sources with rights of subrogation. Thus, the $17,273.45 written off by providers in the instant case is not applicable to the collateral source rule either in its previous form or as set forth by § 2315.20.

Ultimately, the court in *Robinson* held that the "fairest approach is to make the defendant liable for the reasonable value of plaintiff's medical treatment." 112 Ohio St. 3d at 23. Thus "[b]oth the original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care." *Id.* The statutory language of § 2315.20 is in agreement with that conclusion, and this Court will apply it accordingly.

**B. Joinder of BWC Pursuant to Fed. R. Civ. P. 19(a)**

4

Because Defendants predicate their motion for joinder of BWC on the ability of the jury to decide what amount of medical expenses is reasonable under the circumstances, Defs.' Supplemental Br. at 3, as long as this Court allows admission of evidence regarding the disparity between the amount of Plaintiff's medical bills and the amount providers were required to write-off, Defendants' motion for joinder is denied. Should this evidence be denied admission at trial, this Court will revisit whether BWC is a necessary party under Fed. R. Civ. P. 19(a).

### III. Conclusion

For the aforementioned reasons, Defendants' motion to compel joinder of BWC as a plaintiff under Fed. R. Civ. P. 19(a) is denied. (Doc. 28.)

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE