IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN P. SCHLEGEL,

                       Plaintiff,                  Case No. 3:06 CV 1770

-vs-
                                                  MEMORANDUM OPINION
LI CHEN SONG, et al.,                            AND ORDER

                       Defendant.

KATZ, J.

This matter is before the Court on the Defendant's motion to dismiss Plaintiff's claims for punitive damages or, in the alternative, to bifurcate Plaintiff's claims for punitive damages.

**MOTION FOR RECONSIDERATION**

To the extent the Defendants again seek dismissal of the punitive damages claim, such a request is tantamount to a motion for reconsideration.

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

As noted recently by the Ohio Supreme Court, "punitive damages are separate and apart from any remedy for a plaintiff's injuries." *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 at ¶ 98, 880 N.E.2d 420, 441 (2007). Moreover, "[t]he purpose of punitive damages is not to compensate a plaintiff but to punish and deter certain conduct." *Id.*, *quoting Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1994). However, to establish punitive damages requires more than mere negligence. *Leichteamer v. Am. Motors Corp.*, 67 Ohio St.2d 456, 472, 424 N.E.2d 568 (1981).

The Defendants contend there is no basis for the claim of punitive damages. However, as this Court previously determined the Plaintiff may introduce evidence which demonstrates a level of conscious disregard existed for the safety of others. As the Defendants are unable to articulate a valid basis for this Court to revisit its previous determination, the Defendants' motion to dismiss is without merit.

## MOTION TO BIFURCATE

Under Fed. R. Civ. P. 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . .

The trial court has broad authority to order separate trials. *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). The party moving for bifurcation has the burden proof in a motion to bifurcate.

The Defendants argue that separate trials are warranted to avoid prejudice until after a determination on compensatory damages is reached. Additionally, Defendants argue that given the number of witnesses and documents relative to the punitive damages claim bifurcation would serve the interests of judicial economy. In contrast, the Plaintiff objects to bifurcation as expeditious given that the Defendant Song will need to testify twice as will Defendant Lee. Moreover, the issues relative to compensatory damages are intertwined with those relating to punitive damages and would be best presented to together.

Where overlapping issues are closely interwoven such that some of the same evidence may be presented twice, judicial economy is best served by a single trial. *Tharpe v. Illinois Nat'l Ins. Co.*, 199 F.R.D. 213, 214 (W.D. Ky. 2001). In this instance, the Defendants have not demonstrated a need for a bifurcated trial.

Accordingly, the Court will deny Defendants' motion to dismiss and for bifurcation. (Doc. No. 111.)

IT IS SO ORDERED.

                                                S/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE